UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT XAN PAUL,<br>Defendant. | Case No. 14-cr-00164-RS-1<br><br>**ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant Robert Xan Paul awaits trial on a single count of conspiracy to file a false tax claim in violation of 18 U.S.C. § 286. Paul initially obtained pre-trial release under an order requiring an unsecured $25,000 bond, co-signed by his brother (who is also his custodian), and limiting his travel to the Northern District of California, and the Middle District of North Carolina. Recently, Paul filed a motion before the magistrate judge to modify his conditions of release to permit him to return to Brazil, where he has lived for several years with his wife and children, and from where he was extradited to stand trial in this matter. The magistrate judge denied the motion, and Paul's present motion followed, which, in the court's discretion, is being decided on the papers.

Pursuant to 18 U.S.C. § 3145 (a)(2), "[i]f a person is ordered released by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Review is de novo, which in this context requires the court to "review the evidence before the magistrate and make its own independent determination

whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The court holds a "broad grant of discretionary power to change the terms of release." *United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir. 1979). "In exercising that discretion, the Court considers whether the proposed modifications sought by Defendant would continue to reasonably assure his appearance as required, and reasonably assure the safety of the community." *United States v. Madrigal*, 2023 WL 5179119, at *2 (D. Colo. Aug. 11, 2023) (citing 18 U.S.C. § 3142(c)).

As the government acknowledges, in this instance there is no serious concern that Paul poses a threat to the safety of the community, here or in Brazil. The issue, therefore, is whether the conditions of release he proposes satisfactorily assure his appearance for trial. They do not. While Paul argues various circumstances, including his family relationships, his financial situation, risks of reincarceration in Brazil and enhanced consequences here if apprehended all would serve as powerful disincentives to absconding, the fact remains that in Brazil he would be beyond the direct reach of U.S. law enforcement officers. That Brazilian authorities voluntarily cooperated in Paul's extradition last year is not an adequate substitute for the assurance provided by the release conditions that prohibit Paul from traveling outside the territorial jurisdiction of the U.S.

De novo review of the factual record establishes that if Paul were permitted to travel to Brazil, no practical conditions exist that could be imposed to provide reasonable assurance of his appearance at trial. The motion is therefore denied.

**IT IS SO ORDERED**.

Dated: March 13, 2024

_____
RICHARD SEEBORG
Chief United States District Judge